**UNITED STATES of America,
Plaintiff,**

**v.**

**DuWayne ROMENESKO and Evelyn
Romenesko, Defendants.**

**No. 75–CR–62.**

United States District Court,
E. D. Wisconsin.

Sept. 24, 1975.

Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert E. Meldman, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a criminal tax case in which the Government has charged defendants with two counts of attempting to evade and defeat income taxes. The defendants brought several pretrial motions which this Court denied in a written opinion issued August 13, 1975. The defendants have moved the Court to reconsider the order denying their motions to compel election or for severance, and to suppress certain evidence. For the consider and reverse the earlier ruling reasons given below, the motion to reconsider must be denied.

■ The motion to reconsider our denial to order a severance or election must be denied since the charges in the indictment appear to fall squarely within Rule 8(b), Federal Rules of Criminal Procedure. Defendants have failed to demonstrate any specific prejudice to them from denying severance or election which would make joinder improper in this case. Should the defendants be able to demonstrate prejudice at some future time, the Court would certainly consider a renewed motion along these lines. Although the counts do not technically describe "identical" offenses, the charges do fall within Rule 8(b) and can be joined in one indictment.

■ Defendants' request that the Court reconsider and reverse its denial of the motion to suppress. The request must be denied. Defendants are correct when they state that a "person concerned" within the meaning of 26 U.S.C. § 7602(3)* does not refer only to defendants under Internal Revenue Service investigation. However, defendants reach too far when they argue that § 7602(3) refers to all people questioned

---

* 26 U.S.C. § 7602 provides:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant to material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary of his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

by the Revenue Service in conjunction with an investigation. The more reasonable construction is that § 7602 empowers the Internal Revenue Service to take discovery under oath by persons formally summoned under the authority of § 7602(2) to appear.

The information obtained by the Revenue Service from Mr. Duwayne Kalm, which is the evidence sought to be suppressed by defendants, was obtained in an interview on April 18, 1973, Since this information was not obtained pursuant to a formal Revenue Service summons, it was not taken under oath pursuant to 26 U.S.C. § 7602(3) and need not be suppressed.

Defendants' theory on the suppression motion is that by the time of the Kalm interview the Government was solely gathering evidence by which to prosecute and was no longer "ascertaining the correctness of any return" so that the statements obtained were not authorized by § 7602 and must be suppressed. This position is tantamount to saying that once the Government's inquiry becomes criminal in nature it loses the authority to further investigate the taxpayer. This is not the law. Therefore, in the absence of an allegation by the defendants that they had a special proprietary interest in the material, if any, turned over to the Government, there appears to be no valid ground for the motion to suppress.

Since the Court now finds that "the person concerned" within the meaning of § 7602(3) is a person "summoned" under § 7602(2), even if Kalm's statement was given under oath, it was not given pursuant to § 7602. There is a difference between information gathered from persons compelled to speak due to a Revenue Service summons, and facts learned from those who cooperate voluntarily.

It is therefore ordered that the earlier decision of this Court be and hereby is modified by this decision and order, and it is further ordered that the defendants' motions must be and hereby are denied.